OPINION
{¶ 1} Defendant-appellant Denny R. Buxton appeals from his sentence following conviction in the Ashland County Court of Common Pleas on two counts of burglary and two counts of attempted grand theft . The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 11, 2005, defendant-appellant Denny Buxton [hereinafter appellant] was sentenced following his guilty plea on two counts of burglary, in violation of R.C. 2911.12(A)(3), felonies of the third degree, and two counts of attempted grand theft, in violation of R.C. 2903.02 and 2913.02(A)(1), felonies of the fourth degree. Appellant was sentenced to five years in prison on each of the burglary counts and 18 months in prison on each of the attempted grand theft counts. The trial court ordered that the five year sentences on the burglary counts were to be served consecutively. Further, the sentence on each one of the attempted grand theft counts was ordered to be served concurrently to each one of the burglary counts. Thus, the sentence totaled ten years. The sentencing was journalized in an Entry filed April 15, 2005.
 {¶ 3} It is from the April 15, 2005, Judgment Entry of Sentencing that appellant appeals, raising the following assignments of error:
 {¶ 4} "I. THE TRIAL COURT ERRED IN ORDERING THE SENTENCE ON COUNT FOUR OF THE INDICTMENT TO BE SERVED CONSECUTIVELY TO THE SENTENCE FOR COUNT TWO OF THE INDICTMENT.
 {¶ 5} "II. THE TRIAL COURT ERRED IN ORDERING PRISON TERMS FOR FOURTH DEGREE NONDRUG FELONY OFFENSES AND NOT SPECIFYING AT SENTENCING, THAT IT FOUND ONE OR MORE OF THE FACTORS JUSTIFYING IMPOSITION OF A PRISON SENTENCE SPECIFIED IN ORC 2929.13(B)(1)(A) THROUGH (I).
 {¶ 6} "III. THE TRIAL COURT'S SENTENCE IN THE INSTANT CASE IS CONTRARY TO LAW AND DOES NOT SERVE THE OVERRIDING PURPOSES OF FELONY SENTENCING.
 {¶ 7} "IV. THE TRIAL COURT ERRED IN IMPOSING SENTENCE UPON THE DEFENDANT IN EXCESS OF THE MINIMUM, CONCURRENT SENTENCE ON ALL COUNTS AS REQUIRED BY THE CONSTITUTION. U.S. CONST. AMEND. VI."
 IV {¶ 8} In the fourth assignment of error, appellant argues that the trial court erred when it imposed more than minimum, concurrent prison terms because those sentences violated the U.S. Constitution, pursuant to the United States Supreme Court decision of Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d. 403. Appellant argues that theSixth Amendment prohibits a judge from sentencing a defendant based on any finding unless that finding is reflected in the jury's verdict. We agree. This court finds that the trial court's sentencing entry must be reversed and remanded pursuant to the recent Ohio Supreme Court decisions of State v. Foster (2006),109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 and State v.Mathis (2006), 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1.
 {¶ 9} In Foster, the Ohio Supreme Court held that R.C.2929.14(B) (concerning factual findings required to impose more than a minimum sentence) and R.C. 2929.13(E)(4) (concerning factual findings required to impose consecutive sentences) violated the United States Constitution based upon the principles announced in the U.S. Supreme Court case of Blakely, supra. Accordingly, R.C. 2929.14(B) and R.C. 2929.13(E)(4) were declared unconstitutional, severed and excised. Further, the Court mandated that its holdings in Foster must be applied to all cases on direct review and that those cases must be remanded for new sentencing hearings to be conducted in accordance with the dictates of Foster and Mathis. Foster, supra at para. 104 and 106; Mathis, supra at para. 36.
 {¶ 10} The Ohio Supreme Court provided guidance for resentencing. At the resentencing hearing, "although afterFoster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing . . ., nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C.2929.11, which specifies the purposes of sentencing, and R.C.2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself. Mathis, supra at para. 37.
 {¶ 11} Accordingly, appellant's fourth assignment of error is sustained.
 I, II, III {¶ 12} Appellant's remaining assignments of error concern the sentence imposed by the trial court. Pursuant to this court's holding in assignment of error IV, the remaining assignments of error are moot.
 {¶ 13} For the foregoing reasons, the Ashland County Court of Common Pleas' Judgment Entry of Sentencing is reversed and the matter is remanded for resentencing in accordance with State v.Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470,State v. Mathis (2006), 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1, and this opinion.
By: Edwards, J. Wise, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is reversed and remanded for resentencing in accordance with this Opinion. Costs assessed to appellee.