[Cite as *State v. Hummell*, 2013-Ohio-2422.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RONALD HUMMELL, III | : | Case No. 12CA64 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County
                              Court of Common Pleas, Case No.
                              2008 CR 0761

JUDGMENT:                     Affirmed

DATE OF JUDGMENT:             May 31, 2013

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JILL M. COCHRAN                           JOHN C. O'DONNELL
Assistant Richland County Prosecutor      13 Park Avenue West, Suite 300
38 South Park Street                      Mansfield, OH 44902
Mansfield, OH 44902

*Baldwin, J.*

{¶1}   Defendant-appellant Ronald Hummel, III appeals from the July 23, 2012 Judgment Entry of the Richland County Court of Common Pleas overruling his Motion for Withdrawal of Guilty  Plea. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On November 6, 2008, the Richland County Grand Jury indicted appellant on one count of illegal manufacturing of illegal drugs in violation of R.C. 2925.04(A), a felony of the second degree, one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), a felony of the third degree, one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, and two counts of assault in violation of R.C. 2903.13(A), felonies of the fourth degree. At his arraignment on November 13, 2008, appellant entered a plea of not guilty to the charges.

{¶3}   Thereafter, on April 20, 2009, appellant withdrew his former not guilty plea and pleaded guilty to illegal manufacturing of illegal drugs, tampering with evidence and two counts of assault. The remaining charge was dismissed. Pursuant to a Sentencing Entry filed on April 21, 2009, appellant was sentenced to an aggregate prison sentence of six (6) years. The trial court also ordered that the sentence be served concurrently to a drug possession charge that appellant had in Indiana. Appellant also was fined $7,500.00 and his driver's license was suspended for a period of sixty (60) months. The fine was later vacated.

{¶4}   Appellant did not appeal his conviction or sentence.

{¶5} On November 22, 2011, appellant filed a Motion for Modification and Reconsideration of Sentence. Appellant, in such motion stated that he understood the seriousness of his offenses and was remorseful. The trial court, as memorialized in a Judgment Entry filed on December 8, 2011, overruled such motion. The trial court, in its Judgment Entry, found that appellant had received a mandatory agreed sentence and that the court lacked jurisdiction to modify the sentence. The trial court also filed another Judgment Entry on December 22, 2011 overruling such motion.

{¶6} Subsequently, on July 5, 2012, appellant filed a Motion for Withdrawal of Guilty Plea pursuant to Crim.R. 32.1. Appellant, in his motion, alleged that he was under duress and had psychological problems when he entered his plea, that his plea was entered without proper advice of counsel and that his plea was not knowing, intelligent and voluntary. Appellant also alleged that he received mistaken advice from his counsel. Pursuant to a Judgment Entry filed on July 23, 2012, the trial court overruled appellant's motion.

{¶7} Appellant now appeals from the trial court's July 23, 2012 Judgment Entry, raising the following assignments of error on appeal:

{¶8} "I. THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S PRO SE CRIMINAL RULE 32.1 POST-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA."

{¶9} "II. THE TRIAL COURT'S FAILURE TO GRANT DEFENDANT/APPELLANT A HEARING ON HIS MOTION TO WITHDRAWAL (SIC) HIS PLEA WAS MANIFEST INJUSTICE."

I, II

{¶10} Appellant, in his two assignments of error, argues that the trial court erred in denying his Motion to Withdraw Plea and that the trial court erred in failing to hold a hearing on such motion. We disagree.

{¶11} A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which provides:

{¶12} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶13} "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Williams,* 10th Dist. No. 03AP–1214, 2004–Ohio–6123, ¶ 5. " '[I]t is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases.' " *State v. Gripper,* 10th Dist. No. 10AP–1186, 2011–Ohio–3656, ¶ 7, quoting *State v. Smith,* 49 Ohio St.2d 261, 264, 361 N.E. 2d 1324 (1977). A defendant seeking to withdraw a post-sentence guilty plea bears the burden of establishing manifest injustice based on specific facts either contained in the record or supplied through affidavits attached to the motion. *State v. Orris,* 10th Dist. No. 07AP–390, 2007–Ohio–6499.

{¶14} A trial court is not automatically required to hold a hearing on a post-sentence motion to withdraw a plea of guilty. A hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed

to withdraw the plea. *Williams,* supra at ¶ 6, citing *State v. Kent,* 10th Dist. No. 03AP722, 2004–Ohio–2129, ¶ 8.

{¶15} A trial court's decision to deny a post-sentence motion to withdraw a plea of guilty and the decision whether to hold a hearing on the motion are subject to review for abuse of discretion. *Smith,* supra. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E. 2d 1140 (1983).

{¶16} We note appellant's motion to withdraw his guilty plea was filed over three years after his sentencing. Although not dispositive on its own, "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith,* supra at paragraph three of the syllabus.

{¶17} In the case sub judice, appellant did not file any affidavits or other evidence in support of his vague motion, which was filed over three years after sentencing and after appellant's attempt to have his sentence modified was unsuccessful. The transcript of the change of plea hearing, at which appellant was represented by counsel, shows that appellant was advised of his Crim.R. 11(C) rights and was informed that he was going to be sentenced to six (6) years in prison. Moreover, as noted by appellee, there is nothing in the record indicating that appellant was under duress or that he had any psychological problems at the time of his plea. In short, there is no evidence that appellant's plea was not knowing, intelligent and

voluntary. While appellant, in his Motion to Withdraw, alleged that there was prosecutorial misconduct and misconduct by his counsel, he did not point to any specific instances of misconduct. Rather, appellant set forth vague allegations.

{¶18} Based on the foregoing, we find that the trial court did not err in denying appellant's Motion for Withdrawal of Guilt Plea and did not err in failing to hold a hearing on the same. The trial court's decisions were not arbitrary, unconscionable or unreasonable.

{¶19} Appellant's two assignments of error are, therefore, overruled.

{¶20} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.


By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.


_____
HON. CRAIG R. BALDWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY


CRB/dr

[Cite as *State v. Hummell*, 2013-Ohio-2422.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RONALD HUMMELL, III | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 12CA64 |
| | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed.  Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY