[Cite as *State v. Buxton*, 2014-Ohio-507.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| DENNY R. BUXTON | : | Case No. 13-COA-035 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Ashland County
Court of Common Pleas, Case No.
04-CRI-089


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      February 10, 2014


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

RAMONA J. ROGERS      DENNY BUXTON, PRO SE
Prosecuting Attorney      #474-778
     2500 South Avon Beldon Rd.
By: JOSHUA T. ASPIN      Grafton, OH 44044
Assistant Prosecuting Attorney
110 Cottage Street, Third Fl.
Ashland, OH 44805

*Baldwin, J.*

{¶1}  Defendant-appellant Denny Buxton appeals from the October 2, 2013 Judgment Entry of the Ashland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  On October 26, 2004, the Ashland County Grand Jury indicted appellant on three (3) counts of burglary in violation of R.C. 2911.12(A)(3), felonies of the third degree, and two (2) counts of grand theft in violation of R.C. 2913.02(A)(1), felonies of the fourth degree.   Appellant was arraigned on January 10, 2005.

{¶3}  On March 2, 2005, appellant pleaded guilty to two (2) counts each of burglary and grand theft. The remaining count was dismissed. Pursuant to a Judgment Entry filed on April 15, 2005, appellant was sentenced to five (5) years in prison on each of the burglary counts and 18 months in prison on each of the attempted grand theft counts. The trial court ordered that the five (5) year sentences on the burglary counts were to be served consecutively. Furthermore, the sentence on each one of the attempted grand theft counts was ordered to be served concurrently to each one of the burglary counts. Thus, the aggregate sentence was ten years.  In addition, the trial court ordered appellant to pay restitution to one of the victims in the amount of $250.00 and to pay restitution to another victim, James Biddinger, in an amount to be determined pursuant to a future court order.

{¶4}  Via a Judgment Entry filed on August 11, 2005, the trial court vacated the requirement that appellant pay restitution to James Biddinger because Biddinger had

been given an opportunity to provide restitution information to the court and had failed to do so.

{¶5} Appellant then appealed. Pursuant to an Opinion filed on May 20, 2006 in *State v. Buxton*, 5th Dist. Ashland No. 05COA020, 2006-Ohio-2521, this Court reversed the judgment of the trial court and remanded the matter for resentencing in accordance with *State v. Foster* , 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1.

{¶6} A resentencing hearing was held on July 24, 2006. At such time, appellant withdrew his request for resentencing and, as memorialized in a Judgment Entry filed on August 3, 2006, was sentenced to the same sentence. The trial court, in its Judgment Entry, again ordered appellant to pay restitution in the amount of $250.00 to one of the victims. However, the trial court did not order appellant to pay restitution to any other victim.

{¶7} Appellee, on November 9, 2009, filed a Motion to Resentence and request for hearing to address the term of post-release control that appellant would be facing upon his release from prison. On June 8, 2010, the trial court issued a Nunc Pro Tunc Sentencing Judgment Entry that advised appellant of post-release control. The trial court, in its Judgment Entry, indicated that such entry "contains exact advisements give to the Defendant concerning post-release control at his original sentencing hearing."

{¶8} Appellant appealed from the June 8, 2010 Judgment Entry. On September 22, 2010, this Court dismissed appellant's appeal for want of prosecution.

{¶9} Thereafter, on June 28, 2013, appellant filed a Motion for Final Appealable Order. Appellant, in his motion, argued that the April 15, 2005 Judgment Entry was not

a final appealable order because, with respect to one of the victims, James Biddinger, the trial court stated that the amount of restitution would be determined at a later date by the court. Appellee filed a memorandum contra appellant's motion on July 2, 2013.

{¶10} The trial court, pursuant to a Judgment Entry filed on October 2, 2013, denied appellant's motion. The trial court, in its Judgment Entry, found that appellant was barred by the doctrine of res judicata from raising the issue raised in his motion and that he failed to raise such issue on appeal.

{¶11} Appellant now appeals from the trial court's October 2, 2013 Judgment Entry, raising the following assignment of error on appeal:

{¶12} A TRIAL COURT ABUSES ITS DISCRETION IN DENYING A DEFENDANT'S MOTION FOR FINAL APPEALABLE ORDER IN THIS MATTER FOR NOT COMPLYING WITH THE MANDATORY STATUTORY LANGUAGE AS SET FORTH IN R.C. 2929.18(A)(1).

I

{¶13} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion for Final Appealable Order because the trial court did not comply with R.C. 2929.18(A)(1), which concerns restitution. We disagree.

{¶14} Appellant, in his motion, argued that the April 15, 2005 Judgment Entry was not a final appealable order because, with respect to one of the victims, James Biddinger, the trial court stated that the amount of restitution would be determined at a later date by the court. On such basis, appellant argued that the trial court did not comply with R.C. 2919.18(A)(1) which provides that if the court imposes restitution at sentencing, the court must determine the amount of restitution at that time.

{¶15}   However, pursuant to a Judgment Entry filed on August 11, 2005, the trial court vacated the requirement that appellant pay restitution to James Biddinger because Biddinger had been given an opportunity to provide restitution information to the court and had failed to do so. Moreover, subsequently, on July 24, 2006, appellant was resentenced following reversal by this Court. The trial court's August 3, 2006 Judgment Entry, which superseded the April 15, 2005 Judgment Entry, ordered appellant to pay $250.00 to one of the victims, but deleted the requirement that appellant pay restitution in an amount be later determined to Biddinger.   Thus, contrary to appellant's assertion, there is no court entry ordering appellant to pay restitution to James Biddinger

{¶16}   Appellant's sole assignment of error is, therefore, overruled.

{¶17}   Accordingly, the judgment of the Ashland Count Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

CRB/dr