[Cite as *State v. Vore*, 2014-Ohio-1583.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2012-07-065 |
| | : | O P I N I O N |
| - vs - | | 4/14/2014 |
| | : | |
| WILLIAM B. VORE, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 10CR27091


David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Neal D. Schuett, 121 West High Street, Oxford, Ohio 45056, for defendant-appellant


**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, William B. Vore, appeals from a Warren County Court of Common Pleas decision resentencing him upon remand from this court to correct a postrelease control sentencing error.  For the reasons discussed below, we affirm.

{¶ 2} In December 2010, appellant was indicted for robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree, and grand theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree.  The charges arose out of appellant's robbery of a Fifth Third

Bank in Warren County, Ohio. Appellant had given a bank teller a handwritten note, which said: "This is a Robbery Give me All your 100s, 50s, 20s, Fast, no dye packs or alarms [sic]." He then asked the teller, "Do you got it?" Although the teller did not observe appellant holding a weapon, the teller nonetheless felt scared and believed she would be harmed if she did not comply. The teller handed over $9,200, and appellant fled the bank.

{¶ 3} Following a three-day jury trial, appellant was convicted of both offenses. The grand theft charge was merged with the robbery conviction for sentencing purposes, and on August 30, 2011, appellant was sentenced to five years in prison. Appellant timely appealed to this court, arguing the trial court erred by failing to give a lesser-included offense jury instruction for the robbery charge, by admitting improper "other acts" evidence, by overruling his motion to suppress eyewitness identifications, and by denying his motion for funds to obtain an eyewitness identification expert. *State v. Vore*, 12th Dist. Warren No. CA2011-08-093, 2012-Ohio-2431. We found no merit to appellant's assigned errors and affirmed his conviction. However, we noticed and raised, sua sponte, an error in the trial court's imposition of postrelease control. *Id.* at ¶ 70. We therefore reversed and remanded the case to the trial court "for the limited purpose of permitting the trial court to employ the [postrelease control] correction procedures of R.C. 2929.191." *Id.* at ¶ 76.

{¶ 4} On July 18, 2012, the trial court held a resentencing hearing in accordance with our remand. At the hearing, appellant objected to the limited nature of the proceeding and asked that he be given additional jail-time credit for time he spent in the Warren County Jail while serving the remainder of a federal sentence, which ended May 17, 2011.[1] The trial court denied appellant's request, re-imposed a five-year prison term, and gave appellant jail-

---

1. Appellant had been serving a sentence at a federal penitentiary in Terre Haute, Indiana when he was transferred into Warren County's temporary custody on March 11, 2011. Appellant's federal sentence expired May 17, 2011.

time credit for 428 days. The trial court then advised appellant that he was subject to three years of mandatory postrelease control upon his release from prison.

{¶ 5} Appellant appealed, raising three assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO FIVE YEARS IN PRISON FOR VIOLATING R.C. 2911.02.

{¶ 8} In his first assignment of error, appellant argues the trial court erred in resentencing him to a five-year prison term as 2011 Am.Sub.H.B. No. 86 (H.B. 86), which became effective on September 30, 2011, reduced the maximum sentence for third-degree felonies to 36 months. Because appellant was resentenced on July 18, 2012, after the effective date of H.B. 86, appellant contends he is entitled to the benefit of a reduced sentence. The state, however, argues H.B. 86 is inapplicable to appellant as his sentence was actually imposed on August 30, 2011.

{¶ 9} This court has addressed the issue presented by appellant in a similar case. *See State v. Clay*, 12th Dist. Madison No. CA2011-12-016, 2012-Ohio-5011. In *Clay*, the defendant was convicted of possession of criminal tools, vandalism, and robbery. *Id.* at ¶ 3. He was sentenced on February 2, 2011 to a one-year prison term for possession of criminal tools and a one-year prison term for vandalism, which were to run concurrent to each other, but consecutive to a five-year prison term for the robbery conviction. *Id.* On appeal, we found the offenses of robbery and possession of criminal tools allied offenses of similar import, and we remanded the matter to the trial court with instructions to merge the offenses at sentencing after the state elected which of the allied offenses to pursue. *Id.* at ¶ 4. Clay was resentenced on November 4, 2011, at which time the state elected to pursue sentencing on the robbery offense. *Id.* at ¶ 5. The trial court, believing H.B. 86 was applicable to the defendant, resentenced Clay to a one-year prison term for vandalism, to run consecutively to

a 36-month prison term for the robbery conviction. *Id.* at ¶ 6. On appeal, we reversed the trial court's decision, finding that Clay's sentence was "imposed" when the penalty was originally pronounced on February 2, 2011. *Id.* at ¶ 16-17. The fact that we had reversed the sentences and remanded the matter to correct an allied offense error did not negate the fact that a penalty had been imposed prior to the effective date of H.B. 86. *Id.* at ¶ 18. We reversed and remanded for the trial court to resentence Clay using the sentencing laws that were in effect prior to the effective date of H.B. 86. *Id.* at ¶ 22.

{¶ 10} Here, a sentence was imposed on appellant on August 30, 2011, when the trial court pronounced the five-year prison term. As a penalty had been imposed on appellant prior to the effective date of H.B. 86, appellant was not entitled to the benefit of the less stringent sentencing provisions. See R.C. 1.58(B); *Clay* at ¶ 16-18.

{¶ 11} Moreover, the July 18, 2012 resentencing hearing was held for the limited purpose of properly advising appellant of his postrelease control obligations. Only that part of appellant's sentence failing to properly impose the statutorily mandated postrelease control was void and set aside by our holding in *Vore*, 2012-Ohio-2431 at ¶ 75-76. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 26 (holding that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, [only] that *part* of the sentence is void and must be set aside"). In all other respects, appellant's sentence was affirmed and, therefore, was not subject to review by the trial court on resentencing. *See State v. Schleiger*, 12th Dist. Preble No. CA2011-11-012, 2013-Ohio-1110, ¶ 30.

{¶ 12} Accordingly, appellant's first assignment of error is overruled.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO MANDATORY POST-RELEASE CONTROL FOR THREE YEARS.

{¶ 15} In his second assignment of error, appellant argues the trial court erred when it

determined that postrelease control was mandatory rather than optional. Appellant contends postrelease control was optional as he did not cause or threaten to cause physical harm during the robbery. The state, relying on the most current version of the postrelease control statute, R.C. 2967.28, argues a three-year period of postrelease control is mandated by the statute as robbery is an "offense of violence."

{¶ 16} At the outset, we note that the version of R.C. 2967.28 relied on by the state is inapplicable to appellant as he was sentenced before March 22, 2013, the effective date of the current postrelease control statute.[2] The version of R.C. 2967.28 in effect at the time of appellant's sentencing called for a mandatory term of postrelease control for first and second-degree felonies, for felony sex offenses, and "for *a felony of the third degree* that is not a felony sex offense and *in the commission of which the offender caused or threatened to cause physical harm* to a person." (Emphasis added.) Former R.C. 2967.28(B). Pursuant to this division of the statute:

> [A] period of post-control required by this division for an offender shall be of one of the following periods:
>
> > (1) For a felony of the first degree or for a felony sex offense, five years;
> >
> > (2) For a felony of the second degree that is not a felony sex offense, three years;
> >
> > (3) For a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, three years.

R.C. 2967.28(B). For felonies of the third, fourth, and fifth degree that are not subject to

---

2. The current version of R.C. 2967.28(B) provides that postrelease control is mandatory for first and second-degree felonies, for a felony sex offense, and "for a felony of the third degree that *is an offense of violence* and is not a felony sex offense." (Emphasis added.) For those third-degree felonies that constitute an "offense of violence," postrelease control is mandatory for three years. R.C. 2967.28(B)(3). R.C. 2901.01(A)(9) defines an "offense of violence" and it specifically provides that robbery in violation of R.C. 2911.02 constitutes an "offense of violence." However, as discussed above, appellant was not sentenced under this version of the postrelease control statute.

division (B)(1) through (3), a sentence to a prison term "shall include a requirement that the offender be subject to a period of post-release control of up to three years" if the parole board determines that a period of postrelease control is necessary for that offender. R.C. 2967.28(C).

{¶ 17} Appellant was convicted of third-degree felony robbery in violation of R.C. 2911.02(A)(3). The issue, therefore, is whether appellant, in the commission of the robbery, caused or threatened to cause physical harm to the bank teller. "Physical harm to persons" is defined as "any injury, illness or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). The term "physiological impairment" is not defined by statute. As such, the term is accorded its common, ordinary, everyday meaning. *State v. Martin*, 12th Dist. Brown No. CA99-09-026, 2000 WL 1145465, * 5 (Aug. 14, 2000); *Sharp v. Union Carbide Corp.*, 38 Ohio St.3d 69, 70 (1988). "Impair" means to "make worse" or "diminish in quantity, value, excellence, or strength." *Webster's Third New International Dictionary* 1131 (1993). "Physiological" means "characteristic of or appropriate to an organism's healthy or normal functioning." *Id.* at 1707. The term "physiological impairment" may, therefore, "be defined as a damaging or lessening of a person's normal physical functioning." *State v. Roof*, 1st Dist. Butler No. CA77-10-0110, 1978 WL 216430, * 1 (Nov. 8, 1978).

{¶ 18} After reviewing the record, we find sufficient facts for the trial court to conclude appellant caused or threatened to cause physical harm to the bank teller, such that mandatory postrelease control is required. The bank teller testified at trial that appellant's handwritten note demanding money had a significant impact on her ability to physically function. Specifically, the teller testified appellant's action of handing her the demand note caused her to "freeze." The teller testified she was unable to act and did not "snap out of it" until appellant then questioned her "you got it?" Once appellant questioned her, she grabbed the money from her drawer and handed it over to appellant, who immediately left the bank.

The teller testified that after appellant left, she again "froze," and she did not "snap out of it" the second time until a manager walked by and asked her if something was wrong. The teller's testimony clearly established appellant's actions diminished or lessened her normal physical functioning, at least for a short period of time. As any physiological impairment, "regardless of its gravity or duration," is sufficient under R.C. 2901.01(A)(3), we conclude that the evidence supports the trial court's finding that postrelease control was mandatory for a period of three years.

{¶ 19} Appellant's second assignment of error is, therefore, overruled.

{¶ 20} Assignment of Error No. 3:

{¶ 21} THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S REQUEST TO AWARD JAIL-TIME CREDIT FOR THE TIME HE WAS IN CUSTODY.

{¶ 22} In his third assignment of error, appellant argues the trial court violated his Equal Protection rights when it failed to award him jail-time credit for the full period of time he was in the custody of Warren County. Appellant contends he was taken into custody by Warren County on March 11, 2011 and held during the pendency of his robbery charges. He argues this date should be used by the court in determining his jail-time credit, not the May 17, 2011 date, which marked the expiration of his federal sentence. Appellant asserts he is entitled to an additional 67 days of jail-time credit. The state contends appellant's argument is barred by the doctrine of res judicata. We agree with the state.

{¶ 23} The doctrine of res judicata provides that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 10, citing *State v.*

*Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus.  Here, appellant does not seek to challenge the propriety or validity of the July 18, 2012 resentencing.  Rather, he attempts to attack the date the trial court used for calculating jail-time credit.  The May 17, 2011 date was utilized by the trial court at appellant's original sentencing hearing on August 30, 2011.  As such, appellant could have, and should have, raised the issue of the proper starting date for calculating jail-time credit on his original appeal.  Appellant's resentencing for postrelease control purposes does not open the door for him to retry issues that were previously raised or could have been previously raised on direct appeal.  *See Fischer*, 2010-Ohio-6238 at ¶ 40; *State v. Sprauer*, 12th Dist. Warren No. CA2010-04-033, 2011-Ohio-48, ¶ 29 ("while the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence").

**{¶ 24}** Appellant's third assignment of error is, therefore, overruled.

**{¶ 25}** Judgment affirmed.

PIPER and M. POWELL, JJ., concur.