[Cite as *State v. Buxton*, 2018-Ohio-2094.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| DENNY R. BUXTON | : | Case No. 18-COA-010 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 04-CRI-089


JUDGMENT:                         Reversed in Part; Limited Remand


DATE OF JUDGMENT:                 May 29, 2018


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

VICTOR R. PEREZ                        DENNY R. BUXTON, Pro Se
110 Cottage Street                     Inmate No. 474-788
Ashland, OH  44805                     Grafton Correctional Institution
                                       2500 South Avon-Belden Road
                                       Grafton, OH  44044

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, Denny R. Buxton, appeals the February 2, 2018 judgment entry of the Court of Common Pleas of Ashland County, Ohio, denying his pro se motion captioned "Judicial Notice Plain Error Criminal Rule 52(B) Motion to Vacate Void Sentence Incorporating Motion to Withdraw Guilty Plea Pursuant to Criminal Rule 32.1" and his pro se motion for judgment on the pleadings pursuant to Civ.R. 12(C). Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On April 11, 2005, appellant pled guilty to two counts each of burglary and attempted grand theft in violation of R.C. 2911.12 and 2913.02/2923.02, respectively.  In the plea that he signed, appellant was advised that he was subject to five years of mandatory postrelease control and the consequences for violating postrelease control.  A sentencing hearing was held on same date.  By judgment entry filed April 15, 2005, the trial court sentenced appellant to an aggregate term of ten years in prison.  Although the entry stated appellant was advised during the hearing of postrelease control and the consequences for violating postrelease control, the entry was silent as to the details.

{¶ 3}  Appellant filed an appeal, challenging his sentence.  This court reversed the sentence and remanded the matter to the trial court for resentencing in accordance with *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1.  *State v. Buxton,* 5th Dist. Ashland No. 05COA020, 2006-Ohio-2521.

{¶ 4}   A resentencing hearing was held on July 24, 2006.  Appellant voluntarily withdrew his request for resentencing.  By judgment entry filed August 3, 2006, the trial court sentenced appellant to the same sentence, and did not mention postrelease control.

{¶ 5}   On November 9, 2009, appellee filed a motion to resentence appellant to properly impose postrelease control in light of the decision in *State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, and/or R.C. 2929.191.  By nunc pro tunc sentencing judgment entry filed June 8, 2010, the trial court included the details concerning the advisement of postrelease control given to appellant during the April 11, 2005 sentencing hearing (mandatory five years and the consequences for violating).  In the nunc pro tunc entry, the trial court noted that such entry "does not change or modify the Defendant's original sentence in any way.  It simply contains the exact advisements given to the Defendant concerning post-release control at his original sentencing hearing."

{¶ 6}   On June 21, 2017, appellant filed a pro se motion captioned "Judicial Notice Plain Error Criminal Rule 52(B) Motion to Vacate Void Sentence Incorporating Motion to Withdraw Guilty Plea Pursuant to Criminal Rule 32.1," contesting the imposition of postrelease control.  On October 10, 2017, appellant filed a pro se motion for judgment on the pleadings pursuant to Civ.R. 12(C) on the issue of postrelease control.  By judgment entry filed February 2, 2018, the trial court denied the motions.

{¶ 7}   Appellant filed a pro se appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 8} "THE TRIAL COURT ERRORED (SIC) USING A NUNC PRO TUNC ENTRY TO CHANGE DEFENDANT-APPELLANT ORIGINAL SENTENCE."

{¶ 9} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 10} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 11} This appeal shall be considered in accordance with the aforementioned rules.

I

{¶ 12} In his sole assignment of error, appellant claims the trial court erred in using a nunc pro tunc judgment entry to "change" his original sentence. However, appellant is not appealing the trial court's nunc pro tunc sentencing judgment entry, but the trial court's denial of his motion to vacate void sentence incorporating motion to withdraw guilty plea pursuant to Crim.R. 32.1. Said motion was filed over twelve years after his plea.

{¶ 13} In this motion, appellant argued he was not advised that he would be subject to five years of mandatory postrelease control, nor was he advised of the consequences

for violating postrelease control; therefore, his plea was not entered into knowingly, intelligently, or voluntarily and should be vacated.

{¶ 14} A trial court may permit a defendant to withdraw his/her guilty plea after sentencing to correct a manifest injustice. Crim.R. 32.1. "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him." *State v. Shupp,* 2d Dist. Clark No. 06CA62, 2007-Ohio-4896, ¶ 6. "A defendant seeking to withdraw a post-sentence guilty plea bears the burden of establishing manifest injustice based on specific facts either contained in the record or supplied through affidavits attached to the motion." *State v. Hummell,* 5th Dist. Richland No. 12CA64, 2013-Ohio-2422, ¶ 13, citing *State v. Orris,* 10th Dist. Franklin No. 07AP390, 2007-Ohio-6499.

{¶ 15} Appellant pled guilty on April 11, 2005. The plea was signed by appellant and his attorney and was filed on April 15, 2005. Contained within the plea agreement is the following notice:

> **Post Release Control.** The Court advised the Defendant that a period of supervision by the Adult Parole Authority after release from prison is a mandatory five years, with no reduction possible. If the Defendant receives prison for a felony 3, 4 or 5, the Defendant may be given up to 3 years of post release control. A violation of any post release control rule or condition can result in a more restrictive sanction while the Defendant is under post release control, and increased duration of supervision or control,

up to the maximum term and reimprisonment even though the Defendant may have served the entire stated prison term imposed upon him by this Court for all offenses. If the Defendant violates conditions of supervision while under post release control, the Parole Board could return him to prison for up to nine months for each violation, for a total of ½ of the originally stated prison term. If the violation is a new felony, the Defendant could receive a prison term of the greater of one year or the time remaining on post release control, in addition to any other prison term imposed for the offense.

{¶ 16} During the sentencing hearing held on April 11, 2005, the trial court indicated it was going to review appellant's plea which was placed on the record during a prior hearing held on March 2, 2005. T. at 2. Appellant acknowledged that the trial court reviewed postrelease control and the consequences for violating postrelease control during the March hearing. T. at 5-6. Although the trial court indicated a discussion of postrelease control was held during the March hearing, it reminded appellant during the sentencing hearing of the term of postrelease control (five years mandatory) and the consequences for violating postrelease control. T. at 17. A transcript of the March hearing is not included in the record for our review. Clearly, appellant was notified of postrelease control and the consequences for violating postrelease control in the plea document he signed. He acknowledged during the sentencing hearing that he was informed of postrelease control during the plea hearing. Appellant has not shown a

manifest injustice regarding his guilty plea, and the trial court did not err in denying his motion to withdraw his plea.

{¶ 17} Appellant was originally sentenced by judgment entry filed April 15, 2005. Although the entry stated appellant was advised during the sentencing hearing of postrelease control and the consequences for violating postrelease control, the entry was silent as to the details. A nunc pro tunc judgment entry to properly impose postrelease control would be acceptable pursuant to R.C. 2929.191(A)(2) and (B)(2). However, this court reversed the trial court's sentence and remanded the matter for resentencing, rendering the April 15, 2005 sentence null and void. *Buxton, supra,* 2006-Ohio-2521. Upon remand, the trial court resentenced appellant on August 3, 2006, after the passage of R.C. 2929.191 (July 11, 2006). The trial court sentenced appellant to the same sentence, and did not mention postrelease control. Following appellee's request to resentence appellant to properly impose postrelease control in light of new case law, the trial court did not hold a hearing and instead issued a nunc pro tunc sentencing judgment entry on June 8, 2010.

{¶ 18} R.C. 2929.191(C) states the following:

> On and after July 11, 2006, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject

of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.

{¶ 19} Pursuant to R.C. 2929.191(C), the trial court was not permitted to correct the improper imposition of postrelease control with a nunc pro tunc judgment entry, but was required to hold a hearing. In its appellate brief at 7, appellee concedes this issue.

{¶ 20} In his appellate brief at 5, appellant argues he was subject to three years discretionary postrelease control, not five years mandatory. Appellee agrees the term should be three years, but argues it could be mandatory or discretionary under R.C. 2967.28(B)(3) and/or (C) in effect on August 3, 2006, depending upon the trial court's findings.

{¶ 21} Upon review, we find the trial court erred in issuing the nunc pro tunc sentencing judgment entry to correct the improper imposition of postrelease control.

{¶ 22} The sole assignment of error regarding the trial court's use of a nunc pro tunc entry is granted. The matter is remanded to the trial court for the limited purpose of

properly imposing postrelease control under R.C. 2929.191(C) and *State v. Grimes,* 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700.

{¶ 23} The judgment of the Court of Common Pleas of Ashland County, Ohio, is hereby reversed in part solely on the matter of postrelease control.   The matter is remanded to said court for resentencing limited to the proper imposition of postrelease control.

By Wise, Earle, J.

Wise, John, P.J.  concur and

Hoffman, J. concurs separately.

EEW/db 59

*Hoffman, J., concurring*

{¶24} I concur in the majority's analysis and disposition of Appellant's sole assignment of error.

{¶25} I write separately only to note the time frame set forth in the procedural history suggests Appellant may have completed the original sentence in this case. If, upon remand, it is determined such is the case, the trial court may be without jurisdiction to impose postrelease control.

 

_____

HON. WILLIAM B. HOFFMAN