[Cite as *State v. Buxton*, 2018-Ohio-4150.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| DENNY R. BUXTON, | : | Case No. 18-COA-028 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Ashland County
Court of Common Pleas, Case No.
04-CRI-089

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      October 11, 2018

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
Ashland County Prosecuting Attorney
110 Cottage Street
Ashland, Ohio 44805

By: VICTOR R. PEREZ
Assistant Prosecuting Attorney

By: COLE F. OBERLI
Assistant Prosecuting Attorney

For Defendant-Appellant

DENNY R. BUXTON, pro se
Inmate # 474-778
Grafton Correctional Institue
2500 South Avon Belden Road
Grafton, Ohio 44044

*Baldwin, J.*

### STATEMENT OF FACTS AND THE CASE

**{¶1}** On April 11, 2005, appellant pled guilty to two counts each of burglary and attempted grand theft in violation of R.C. 2911.12 and 2913.02/2923.02, respectively. In the plea that he signed, Appellant was advised that he was subject to five years of mandatory post-release control and the consequences for violating post-release control. A sentencing hearing was held on same date. By judgment entry filed April 15, 2005, the trial court sentenced appellant to an aggregate term of ten years in prison. Although the entry stated appellant was advised during the hearing of post-release control and the consequences for violating post-release control, the entry was silent as to the details.

**{¶2}** Appellant filed an appeal, challenging his sentence. This court reversed the sentence and remanded the matter to the trial court for resentencing in accordance with *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470, and *State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1. *State v. Buxton,* 5th Dist. Ashland No. 05COA020, 2006–Ohio–2521.

**{¶3}** A resentencing hearing was held on July 24, 2006. Appellant voluntarily withdrew his request for resentencing. By judgment entry filed August 3, 2006, the trial court sentenced appellant to the same sentence, and did not mention post-release control.

**{¶4}** On November 9, 2009, appellee filed a motion to resentence appellant to properly impose post-release control in light of the decision in *State v. Bloomer,* 122 Ohio St.3d 200, 2009–Ohio–2462, 909 N.E.2d 1254, and/or R.C. 2929.191. By nunc pro tunc sentencing judgment entry filed June 8, 2010, the trial court included the details

concerning the advisement of post-release control given to appellant during the April 11, 2005 sentencing hearing (mandatory five years and the consequences for violating). In the nunc pro tunc entry, the trial court noted that such entry "does not change or modify the Defendant's original sentence in any way. It simply contains the exact advisements given to the Defendant concerning post-release control at his original sentencing hearing."

{¶5} On June 21, 2017, appellant filed a pro se motion captioned "Judicial Notice Plain Error Criminal Rule 52(B) Motion to Vacate Void Sentence Incorporating Motion to Withdraw Guilty Plea Pursuant to Criminal Rule 32.1," contesting the imposition of post-release control. On October 10, 2017, appellant filed a pro se motion for judgment on the pleadings pursuant to Civ.R. 12(C) on the issue of post-release control. By judgment entry filed February 2, 2018, the trial court denied the motions.

{¶6} Appellant filed a pro se appeal challenging the trial court's use of a nunc pro tunc entry to change defendant-appellants original sentence. We reversed in part solely on the matter of post-release control and remanded the case to the court for resentencing limited to the proper imposition of post-release control. *State v. Buxton*, 5th Dist. Ashland No. 18-COA-010, 2018-Ohio-2094, ¶ 21.

{¶7} The trial court conducted a hearing on resentencing on June 25, 2018 with the defendant present and represented by counsel. The trial court noted that the case was remanded to the Court of Common Pleas for resentencing, specifically the proper imposition of post-release control. The judgment entry filed June 28, 2018 reflects the following regarding the imposition of post-release control:

Upon completion of the prison term ordered herein, the Defendant shall serve a mandatory three (3) years post-release control as determined pursuant to Ohio Revised Code Section 2967.28. The Defendant was advised that if he violates the terms of post-release control, the adult parole authority may impose a more restrictive sanction, or the parole board may return the Defendant to prison for up to nine (9) months, but not more than half of the original prison sentence. The Court further advised that if the Defendant commits a new felony while on post-release control, he may be given a prison sanction of a minimum of one (1) year up to the time remaining on post-release control, in addition to any sentence received on the new felony offense. The Defendant acknowledged his understanding of the Court's explanation of post-release control. For purposes of post-release control, the Court FINDS (sic) that the Defendant's county of residence is Ashland County, Ohio.

**{¶8}** Appellant filed his notice of appeal on July 19, 2018 and submits one assignment of error:

**{¶9}** "I. TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO A MANDATORY TERM OF THREE YEARS POST RELEASE CONTROL."

**{¶10}** Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), Determination and Judgment on Appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶11} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶12} This appeal shall be considered in accordance with the aforementioned rules.

{¶13} Appellant filed a Reply Brief in this matter without obtaining the necessary leave of this Court.  Pursuant to App.R. 11.1(C) reply briefs shall not be filed unless ordered by the court. Because this Court did not order filing of a reply brief, the Appellant's Reply Brief shall not be considered.

## ANALYSIS

{¶14} Appellant claims the trial court erred in sentencing him to a mandatory term of three years post-release control because he was convicted of an offense that was not a sex offense or an offense of violence.  Appellant was found guilty of two counts of burglary in violation of R.C. 2911.12 (A) (3), felonies of the third degree. As correctly noted by Appellee, a violation of division (A)(1), (2), or (3) of section 2911.12 is by definition an offense of violence (R.C. 2901.01(A)(9)). However, both parties are relying upon the current version of R.C. 2967.68, and not the version that was effective on the date of Appellant's original sentencing hearing, April 11, 2005. At that time the language of R.C. 2967.68 was as follows:

(B) Each sentence to a prison term for a felony of the first degree, for a

felony of the second degree, for a felony sex offense, or for a felony of the

third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:

(1)      For a felony of the first degree or for a felony sex offense, five years;

(2)      For a felony of the second degree that is not a felony sex offense, three years;

(3)      For a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, three years.

(C) Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender

{¶15}  The trial court is obligated to use the version of the statute that was in effect at the time the Appellant was sentenced. *State v. Vore,* 12th Dist. Warren No. CA2012-07-065, 2014-Ohio-1583, ¶ 16. The version that was in effect on the date of the

Appellant's sentencing on April 11, 2005 imposed a mandatory post-release control period of three years only in the event that the Appellant committed a felony of the third degree and caused or threatened physical harm to a person. The version of Revised Code 2919.19(B)(1)(c) in effect on the date of his sentencing required the trial court to notify Appellant that he "will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced *** for a felony of the third degree in the commission of which the offender caused or threatened to cause physical harm to a person." The proper notification is contained within the sentencing entry, but we are unable to determine whether the trial court found that the Appellant caused or threatened to cause harm to a person because Appellant failed to file a transcript of the sentencing hearing.

{¶16} We have held that when an appeal is filed in this court without a transcript in this context, we generally presume the regularity of that proceeding and affirm. *State v. Ball*, 5th Dist. Licking No. 13-CA-17, 2013-Ohio-3443, ¶ 13. In this case we can determine that the trial court conducted a hearing as required by our ruling in *State v. Buxton*, 5th Dist. Ashland No. 18-COA-010, 2018-Ohio-2094 and that the judgment entry reflects the Appellant was given notice of a mandatory three year period of post-release control, but, without the transcript we are unable to address the Appellant's assertion that the R.C. 2967.28 does not provide for mandatory post-release control in his case, so we must affirm the decision of the trial court.

**{¶17}** For the forgoing reasons, the decision of the Ashland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, Earle, J. concur.